WIGGIN v. COLEBROOK. { March 22, 1876.

*Invoice of taxable property—Deduction under the statute of 1868.*

A party who exhibits his invoice to the selectmen, showing no item for money at interest over and above what he is paying interest for, is not obliged to furnish a specification of the money for which he is receiving interest, and the debts for which he is paying interest. If he exhibits his invoice without any item for money at interest, and makes oath to it if required, he has fulfilled the requirements of the statute.

It is only when he seeks to have the amount of his invoice diminished, that he is obliged to exhibit under oath a schedule of his indebtedness, and the names of his creditors.

FROM COÖS CIRCUIT COURT.

PETITION, for abatement of taxes, under sec. 13 of ch. 53 of the General Statutes.

The petitioner alleges that he was assessed, by way of doomage, upon $700, money at interest, in 1874; that he has complied with the provisions of sec. 4 of ch. 51 of the Gen. Stats.; that he applied to the

---

\* LADD, J., having been of counsel, did not sit.

selectmen of said town to abate said tax, and that they have refuse so to do. On the trial, the plaintiff objected that he was not bound to show a compliance with the provisions of said section 4; but the court over-ruled the objection, and the plaintiff excepted. The evidence tended to show that after the first and before the tenth of April, 1874, one of the selectmen called at the petitioner's house and told him he wanted an invoice of his taxable property ; that the petitioner then gave it to him, and, at the same time, told the selectman that he thought he should claim a deduction, under the statute of 1868, by reason of his indebtedness ; that he was owing more than was due him ; that the selectman informed him that the board would meet at the town-house on a certain day, naming it, to consider the subject of such deductions. On the day named the petitioner and his son met the selectmen at the time and place appointed, when it appeared that there was due the petitioner from his son $700; that the petitioner then claimed he was not taxable for this amount by reason of the fact that he was owing more than that sum, and offered to verify the same with his oath. The selectmen then informed him that if he claimed a deduction on this account, they should require him to disclose fully as to the amount he was owing, and to whom ; and he replied, that if such was the case he should not claim any deduction, for he was in honor bound not to do so ; and he then claimed that the selectmen had no right to make such a demand upon him, and that he was not bound to make any further disclosure. The selectmen assessed him upon the sum of $700 doomage.

Upon the foregoing facts the court ruled *pro forma* that he had not complied with the provisions of sec. 4 of ch. 51 of the Gen. Stats., and that he was not entitled to the relief asked for.

If, in the opinion of the court, the foregoing facts show a compliance with the provisions of said section 4, or if it should be held that the petitioner is not bound to show a compliance with the provisions of said section, the case is to be discharged, and the parties are to have an opportunity to try the question whether the petitioner was properly taxable for said sum of $700, or any part thereof; but, if the court shall be of a contrary opinion, the petition is to be dismissed.

The questions of law arising on the foregoing statement of facts were transferred to the superior court for determination by STANLEY, J., C. C.

*Aldrich & Shurtleff* and *Ray*, for the plaintiff.

*Dudley, Drew,* and *Bingham,* for the defendants.

CUSHING, C. J. By Gen. Stats., ch. 49, sec. 5, it is provided that " Money on hand, or at interest, more than the owner pays interest for, including money deposited in any bank other than a savings bank, or loaned on any mortgage, pledge, obligation, note, or other security, whether on interest, or interest be paid or received in advance," shall be taxed.

By ch. 51, sec. 4,—" Every person liable to be taxed in such town shall exhibit to the selectmen, at the time and place appointed by them, or upon such personal application, a true account of the polls and estate for which he is there taxable, either in his own right or otherwise, on oath, if required by either of the selectmen, which oath either of the selectmen may administer."

By the act of July 3, 1868, entitled " An act to equalize taxation " (Laws of 1868, ch. 22),—section 1, amended by laws of 1869, ch. 35,— " In the assessment of taxes, there shall be deducted from the invoice of each person the amount of all debts due from such person over and above the sum due him from solvent debtors, not exceeding $500."

By section 2, it is provided that the party claiming this exemption shall render under oath an account of all the debts owed by him, with the names and residences of his creditors ; and by section 3 of the same act,—" All acts and parts of acts inconsistent with the provisions of this act are hereby repealed."

We learn from the case that an invoice was commenced at the residence of the petitioner, and that an invoice of taxable property was then given to the selectman who applied; that the petitioner then informed the selectman that he should claim a deduction, for the reason that he was owing more money than was due him ; and that the selectman informed him that the board would meet at the town-house on a certain day, naming it, to consider the subject of such deductions. It should be remembered that the statute requires the party to give to the selectman calling for it an invoice of his taxable property, one of the items of which was money and interest over and above what he was paying interest for. This invoice he was to make oath to, if required by the selectman. The case finds that this invoice had been rendered to the selectman by the plaintiff. No objection was made, and the oath was not required. If the matter had stopped here, and the plaintiff had not required any deduction, he would have done everything which the law required him to do. He had, as I understand the case, given to the selectman his invoice of the taxable property, which had been accepted without requiring his oath. The case does not find, as suggested in the brief of the plaintiff, that he was to meet the selectmen for the purpose of completing the invoice, but the case does find that the selectman informed him that the board would meet at a certain time for the purpose of considering such claims for deductions. Accordingly, on that day the plaintiff appeared before the selectmen.

It then appeared that there was due the petitioner, from his son, the sum of $700 ; and the petitioner claimed a deduction, under the statute of 1868, on account of the debts due from him. On being told that he must render an account, under oath, with the names and residences of his creditors, he refused to do so, and thereupon declined to proceed further in the matter.

The state on facts, then, was this : The petitioner had given in his invoice of taxable property, and had informed the selectmen that he ought not to be taxed for money at interest, because he owed more than

he was receiving interest for. The selectmen might have required him to make oath to this invoice so given in, if they had thought proper to do so; but they did not. The petitioner had done all that he was required to do, and the selectmen had the invoice of his taxable property. He might have gone further, and required that this invoice so made should be reduced under the act of 1868; and if he had done so, he would have been obliged to render an account, under oath, of all his indebtedness, with the names and residences of his creditors. This he declined to do, and abandoned his claim to have his invoice reduced.

On the question whether he had money at interest to be taxed for more than he was paying interest for, it was his right to say in general terms that he had not; and this was all that he was obliged to do, unless the selectmen required him to make oath, which they did not. It may be added, that the provision of the statute of 1868, for a specification of the debts due from the party seeking a deduction from his invoice, seems to show conclusively, if it were not already certain, that, unless the party did seek such deduction, he was not obliged to disclose the names of the parties to whom he was indebted. The petitioner, therefore, having complied with the requirements of ch. 51, sec. 4, the case must be discharged, and stand for trial in the circuit court.

LADD and SMITH, JJ., concurred.

<em>Case discharged.</em>